<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| BARKISSA GOUEM, | : : : | |
| Plaintiff, | : : | **Civil Action No. 25-1667 (SRC)** |
| v. | : : | **OPINION & ORDER** |
| SUSAN RAUFER, | : : | |
| Defendant. | : : : : | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on Defendant Susan Raufer's ("Defendant" or "the Government") motion to dismiss Plaintiff Barkissa Gouem's ("Plaintiff" or "Gouem") complaint ("Complaint") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (the "Motion"), (Dkt. No. 6). Plaintiff opposed the Motion, (Dkt. No. 7), and the Government filed a reply brief in further support of its Motion, (Dkt. No. 8). The Court reviewed the papers submitted and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendant's Motion is **GRANTED** without prejudice on all counts.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, a native and citizen of Burkina Faso, filed a Form I-589, or an application for asylum in the United States with the United States Citizenship and Immigration Services ("USCIS") on February 16, 2021 (the "Asylum Application"). (Dkt. No. 1 ("Compl.") ¶¶ 1–2, 10, 22.) Plaintiff completed her biometrics appointments on March 16, 2021. (<u>Id.</u> ¶ 23.) Plaintiff's

Asylum Application has not yet been adjudicated and remains pending with USCIS. (Id. ¶ 2.) Because USCIS has not yet adjudicated Plaintiff's Asylum Application, Plaintiff alleges that she has suffered irreparable harm. (Id. ¶¶ 24–26.)

Plaintiff initiated this action against Susan Raufer in her official capacity as Director of Newark's USCIS Asylum Office. (Id. ¶ 11.) The Complaint asserts one claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1) (the "APA Claim") and one claim under the Mandamus Act, 28 U.S.C. § 1361 (the "Mandamus Act Claim"). (Id. at 7–8.) Through this action, Plaintiff requests that the Court (a) "[a]ccept jurisdiction and maintain continuing jurisdiction of this action," (b) declare the Government's actions to be "arbitrary and capricious, an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. § 706(1) and 28 U.S.C. §§ 2201-02," (c) issue a preliminary and permanent injunction under 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling the Government to adjudicate Plaintiff's Asylum Application, (d) issue a writ of mandamus under 28 U.S.C. § 1361, 28 U.S.C. § 1651, and/or 5 U.S.C. § 706(1) compelling the Government to adjudicate Plaintiff's Asylum Application, and (e) grant Plaintiff attorneys' fees and costs. (Id. § IX.)

The Government moved to dismiss Plaintiff's Complaint on May 27, 2025 arguing that the Mandamus Act Claim (Count II) should be dismissed on the grounds that this Court lacks subject matter jurisdiction, and the APA Claim (Count I) should be dismissed because the delay in adjudicating Plaintiff's Asylum Application is not unreasonable. (See Dkt. No. 6-1 ("Mot.") at 1.) Plaintiff filed an opposition brief on June 23, 2025, (Dkt. No. 7 ("Opp'n")), and the Government filed a reply brief in further support of its Motion on June 30, 2025, (Dkt. No. 8 ("Reply")).

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim. "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007). In evaluating a Rule 12(b)(1) motion to dismiss, the Court must first determine whether the motion "presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." Const. Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack "considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law . . . or because some other jurisdictional defect is present." Id. at 358. A factual attack, however, "is an argument that there is no subject matter jurisdiction because the facts of the case—and here the District Court may look beyond the pleadings to ascertain the facts—do not support the asserted jurisdiction." Id. "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party," which "is in marked contrast to the standard of review applicable to a factual attack, in which a court may weigh and 'consider evidence outside the pleadings.'" Id. (quoting Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)).

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Id.  On a Rule 12(b)(6) motion, the Court must accept as true the well-pleaded facts of a complaint and any reasonable inference that may be drawn from those facts but need not credit conclusory statements couched as factual allegations.  See id. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The issue before the Court on a Rule 12(b)(6) motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  "[A] district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." Id. at 1426.  The Court, however, may properly consider documents that form the basis of a claim and documents that are "integral to or explicitly relied upon in the complaint." Id. (citations omitted).

### III.   ANALYSIS

#### A. The APA Claim

The Government moves to dismiss Plaintiff's APA Claim (Count I) under Rule 12(b)(6) for failure to state a claim.  (Mot. at 15.)  In Count I of the Complaint, Plaintiff alleges that the Government has "unreasonably delayed adjudication of Plaintiff's Asylum Application, despite a clear statutory deadline requiring them to adjudicate it within one hundred eighty (180) days" and seeks an order compelling the Government to adjudicate Plaintiff's Asylum Application under 5 U.S.C. § 706(1).  (Compl. ¶¶ 34, 38.)  In its Motion, the Government argues that there has been no unreasonable delay in Plaintiff's case because under the case law, "four years and three months" is not unreasonable and that Plaintiff fails to allege a claim of unreasonable delay under the Third Circuit's four-factor test for evaluating the reasonableness of an administrative delay set forth in Oil, Chemical & Atomic Workers Union v. Occupational Safety & Health Administration, 145 F.3d

120, 123 (3d Cir. 1998).¹  (See Mot. at 16–20.)  Plaintiff argues that the Complaint plausibly sets forth a claim of unreasonable delay under the APA.  (See Opp'n at 13–24.)

The APA provides that courts shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).  The Third Circuit has outlined four requirements for courts to consider when determining whether there has been an "unreasonable delay" under the APA: (1) "ascertain the length of time that has elapsed since the agency came under a duty to act"; (2) "the reasonableness of the delay should be judged in the context of the statute authorizing the agency's action"; (3) "assess the consequences of the agency's delay"; and (4) "consider 'any plea of administrative error, administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources.'" Oil, Chem., 145 F.3d at 123 (quoting Raymond Proffitt Found. v. U.S. E.P.A., 930 F. Supp. 1088, 1102 (E.D. Pa. 1996)).

In considering the first factor, the Supreme Court has found that the passage of time alone cannot justify a finding of unreasonable delay.  See Immigr. and Nat. Serv. v. Miranda, 459 U.S. 14, 18–19 (1982).  Indeed, courts consistently hold that delays of three to five years are not unreasonable.  See, e.g., Jamoussian v. Blinken, 2022 WL 538424, at *2 (D.N.J. Feb. 23, 2022) (collecting cases that, "without drawing any bright lines, ha[ve] found that delays of three to five years are not unreasonable").  Plaintiff filed her Asylum Application in February 2021.  (Compl. ¶ 2.)  The four-and-a-half-year delay here is therefore within the bounds of delays other courts find reasonable.  The Court therefore finds this factor weighs in favor of the Government.

---

¹ The Court notes that Plaintiff's Opposition analyzes the unreasonableness of the Government's delay using the six-factor test set forth by the D.C. Circuit in Telecommunications Research & Action Center v. Federal Communications Commission, 750 F.2d 70 (D.C. Cir. 1984).  (See Opp'n at 13–24.)  Given that the Third Circuit has articulated its own test for determining unreasonable delay under the APA, the Court will analyze both parties' arguments under the Third Circuit standard, which Plaintiff agrees contains "similar factors" to those set forth by the D.C. Circuit.  (See id. at 13.)

Courts analyzing the second factor "have investigated Congress's statutory intent and consistently found that the decision not to include a statutory right of action to enforce the timetable in the statute 'render[s] [the timetable] non-binding.'" See Elezaj v. Mayorkas, 2025 WL 368877, at *7 (D.N.J. Feb. 3, 2025) (citations omitted). As the statutory timelines are not mandatory, this factor also favors the Government.

The Court considers the prejudices Plaintiff raises as a consequence of the Government's delay—"emotional, familial, economic, procedural"—and the examples of irreparable harm Plaintiff set forth in her Complaint due to the Government's delay in adjudicating her Asylum Application. (See Opp'n at 22; Compl. ¶¶ 24–26.) While the Court can appreciate Plaintiff's frustration arising from the wait, "the consequences of the delay suffered by [Plaintiff] are no different from any other visa petitioner" and unfortunately, "the painful consequences of the delay are inherent in our immigration system." Azam v. Bitter, 2024 WL 912516, at *10 (D.N.J. Mar. 4, 2024). If the Court were to grant Plaintiff's requested relief, "it would merely result in Plaintiff bypassing another individual who has been waiting for an interview, and this Court may not 'compel agency action where the result would be merely to expedite the consideration of a plaintiff's request ahead of others.'" Mutlu v. Mayorkas, 2024 WL 4117329, at *3 (D.N.J. Sept. 9, 2024) (quoting Azam, 2024 WL 912516, at *10). As such, the third factor also favors the Government.

Courts assessing the fourth factor "have consistently called attention to the 'limited administrative resources and [] large caseload of asylum applications that have yet to be adjudicated' in finding this factor overwhelmingly favors the agency." See Elezaj, 2025 WL 368877, at *7 (citation omitted). As Plaintiff herself "pleads that there is no valid reason for the delay in her case other than the agency's own reordering of priorities (the LIFO policy) and

backlog," (Opp'n at 16), and does not allege any other reason for delay aside from limited administrative resources and a large backlog of cases, this final factor also weighs in favor of the government. See, e.g., Ahmad v. U.S. Citizenship & Immigr. Servs., 2024 WL 3272832, at *7 (D.N.J. July 2, 2024).

The Court is persuaded by case law from this District as well as from district courts across the country in finding that based on the facts of this case, the four Oil, Chem. factors weigh in favor of the Government. Plaintiff has failed to state a claim for relief under the APA and the Court therefore grants the Government's Motion as to Count I of the Complaint without prejudice.

### B. The Mandamus Act Claim

The Government moves to dismiss Plaintiff's Mandamus Act Claim (Count II) under Rule 12(b)(1) for lack of subject matter jurisdiction. (See Mot. at 10–11.) In Count II of the Complaint, Plaintiff seeks "a writ of mandamus or in the nature of mandamus to end Defendant['s] unreasonable delay and refusal to adjudicate Plaintiff's Asylum Application." (Compl. ¶ 46.)

The Mandamus Act is an exceptional remedial statute that provides "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. U.S. Dist. Ct. for N. Dist. of Cal., 426 U.S. 394, 402 (1976). To qualify for mandamus relief, a plaintiff must satisfy three requirements: "(1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." Temple Univ. Hosp., Inc. v. Sec'y U.S. Dep't of Health and Hum. Servs., 2 F.4th 121, 132 (3d Cir. 2021) (quoting 33 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Judicial Review § 8312 (2d ed. 2021)).

Here, Plaintiff alleges that "Defendant has a statutory duty to adjudicate asylum req [sic] within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii)" and that she "has no adequate remedy at law and will suffer irreparable harm if their Asylum Application is not promptly adjudicated." (Compl. ¶¶ 18–19, 43–44.)  Plaintiff further alleges that the duty the Government owes to Plaintiff is "ministerial and so plainly prescribed as to be free from doubt." (Id. ¶ 28.)

The Government makes a facial attack as to Plaintiff's Mandamus Act Claim and argues that the claim fails at the outset because Plaintiff cannot demonstrate a "clear and indisputable right" to relief because "8 U.S.C. § 1158(d)(7) unambiguously bars any 'substantive or procedural right or benefit that is legally enforceable by any party' with respect to the aspirational timelines for processing asylum applications." (Mot. at 12.)  The Court agrees with the Government.  8 U.S.C. § 1158(d)(7) explicitly provides that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."  As such, Plaintiff is barred from claiming any legally enforceable right to have her Asylum Application adjudicated within the statute's 180-day timeframe and it follows that Plaintiff cannot establish the "clear and indisputable right to relief" necessary to invoke this Court's jurisdiction over her claim for mandamus relief.  Indeed, courts in the Third Circuit consistently hold that mandamus relief is unavailable to compel action under a statute that precludes private rights of action.  See, e.g., Elezaj, 2025 WL 368877, at *6; Mutlu, 2024 WL 4117329, at *4; Ahmad, 2024 WL 3272832, at *4; Baranoski v. U.S. Atty's Off., 2007 WL 295579, at *2 (3d Cir. Feb. 2, 2007).  And while Plaintiff "acknowledges that § 1158(d)(7) bars any claim of entitlement to a decision *within 180 days*," (see Opp'n at 8 (emphasis in original)), for the reasons previously discussed, her suit under the Mandamus Act "for the agency's violation of its broader, affirmative obligation to carry out the asylum process within a

reasonable time," (see id.), fails to state a claim at this time under both the Mandamus Act and the APA. Accordingly, the Court must dismiss Plaintiff's Mandamus Act Claim for lack of jurisdiction without prejudice.

Further, the Court agrees with the Government that "the possibility of bringing a claim under the APA for unreasonable delay" defeats Plaintiff's need for extraordinary mandamus relief. (See Mot. at 14.) The Court therefore lacks subject matter jurisdiction because an adequate alternative remedy exists, namely Plaintiff's APA Claim. See, e.g., Mutlu, 2024 WL 4117329, at *4 ("As other courts have consistently held, this alternative remedy under the APA precludes a finding of subject matter jurisdiction over the mandamus claim, even if the APA claims themselves are not adequately pled.").

Count II of Plaintiff's Complaint seeking an order compelling the Government to adjudicate Plaintiff's Asylum Application is therefore dismissed under Rule 12(b)(1) without prejudice.

\*   \*   \*

For these reasons,

**IT IS** on this 12th day of August, 2025

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint, (Dkt. No. 6), is **GRANTED** in its entirety without prejudice.

/s/ Stanley R. Chesler
Hon. Stanley R. Chesler, U.S.D.J.